[Cite as *State v. Wood*, 2021-Ohio-2379.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2020-12-131 |
| | : | O P I N I O N |
| - vs - | | 7/12/2021 |
| | : | |
| EARL THOMAS WOOD, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case Nos. CR2019-05-0837 and CR2019-09-1487


Michael T. Gmoser, Butler County Prosecuting Attorney, and Willa Concannon, Assistant Prosecuting Attorney, for appellee.

Law Office of John H. Forg, and John H. Forg, III, for appellant.


**PIPER, P.J.**

{¶1} Appellant, Earl Wood, appeals his sentence in the Butler County Court of Common Pleas after pleading guilty to aggravated possession of drugs and attempted aggravated possession of drugs.

{¶2} On two separate occasions, Wood came in contact with Hamilton police officers while riding his bicycle. In both instances, the officers had cause to perform a pat

down of Wood's person and located methamphetamine. On the first occasion, the officers located 5.14 grams on Wood's person and subsequently located 2.69 grams on the second occasion.

{¶3} Wood was charged with two counts of aggravated possession of drugs. As part of plea negotiations with the state, Wood agreed to plead guilty to one count of aggravated possession of drugs and the state agreed to amend the second charge to attempted aggravated possession of drugs. The trial court held a plea hearing during which Wood entered valid guilty pleas to each charge.

{¶4} The trial court ordered a presentence-investigative report, which revealed that Wood had a long criminal history of both violent and drug-related crimes. The trial court sentenced Wood to 18 months on the aggravated drug possession charge and 180 days on the attempted aggravated drug possession charge. The trial court ordered the sentences to run concurrently for an aggregate sentence of 18 months. Wood now appeals his sentence, raising the following assignment of error:

{¶5} THE IMPOSITION OF A PRISON SENTENCE IS INEFFECTIVE.

{¶6} Wood argues in his sole assignment of error that the trial court erred in sentencing him.

{¶7} An appellate court reviews the imposed sentence according to R.C. 2953.08(G)(2), which governs all felony sentences. *State v. Jones*, Slip Opinion No. 2020-Ohio-6729. R.C. 2953.08(G)(2) provides that an appellate court can modify or vacate a sentence only if the appellate court finds by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes, which are not at issue in this appeal, or that the sentence is otherwise contrary to law.

{¶8} A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C.

2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8.

{¶9} After reviewing the record, Wood's sentence is not contrary to law. The trial court specifically noted in its sentencing entry and stated at the sentencing hearing that it had considered the overriding purposes and principles of felony sentencing according to R.C. 2929.11, and also had considered the seriousness and recidivism factors set forth in R.C. 2929.12. Furthermore, the trial court properly imposed postrelease control, and the 18-month sentence is within the permissible statutory range for a third-degree felony under R.C. 2929.14(3)(B). Thus, the trial court's sentence was not contrary to law, and Wood's single assignment of error is overruled.

{¶10} Judgment affirmed.

S. POWELL and BYRNE,JJ., concur.